21-2901-cv
Townsend v. First Student

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of February, two thousand twenty-three.

PRESENT:   RAYMOND J. LOHIER, JR.,
                    STEVEN J. MENASHI,
                    BETH ROBINSON,
                                *Circuit Judges.*
------------------------------------------------------------------
TORREY TERRIAL TOWNSEND,

                    *Plaintiff-Appellant,*

        v.                                                            No. 21-2901-cv

FIRST STUDENT,

                    *Defendant-Appellee.*

CSEA SEIU Local 2001,

                    *Defendant.*
------------------------------------------------------------------

FOR PLAINTIFF-APPELLANT: Torrey Terrial Townsend, *pro se*, New Haven, CT

FOR DEFENDANT-APPELLEE: MAURA A. MASTRONY, Littler Mendelson, P.C., New Haven, CT

Appeal from a judgment of the United States District Court for the District of Connecticut (Vanessa L. Bryant, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Torrey Terrial Townsend, proceeding pro se, appeals from the October 18, 2021 judgment of the United States District Court for the District of Connecticut (Bryant, J.) granting summary judgment in favor of First Student and CSEA SEIU Local 2001 (collectively, the "Defendants") on Townsend's race discrimination claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., and 42 U.S.C. § 1981. We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to affirm.

From 2012 to 2017 Townsend, who is African American, was employed by First Student as a school bus driver. Townsend principally claims that First

2

Student discriminated against her based on her race by (1) denying her request for air brake training, (2) denying her request for a morning-only schedule, and (3) terminating her employment. The District Court granted summary judgment in favor of the Defendants and dismissed all of Townsend's claims. Townsend appeals only from the District Court's dismissal of her claims against First Student.

"We review de novo a grant of summary judgment, construing the evidence in the light most favorable to the nonmoving party and drawing all reasonable inferences in h[er] favor." Natofsky v. City of New York, 921 F.3d 337, 344 (2d Cir. 2019) (quotation marks omitted). Summary judgment is appropriate only when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

Under the McDonnell Douglas burden-shifting framework, once a plaintiff has established a prima facie case of discrimination, "the burden 'shift[s] to the employer to articulate some legitimate, nondiscriminatory reason' for the employer's action against the employee." Truitt v. Salisbury Bank & Tr. Co., 52 F.4th 80, 86 (2d Cir. 2022) (quoting McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973)); see also Ruiz v. Cnty. of Rockland, 609 F.3d 486, 491 (2d Cir.

3

2010) (clarifying that the McDonnell Douglas burden-shifting framework applies to racial discrimination claims brought under both Title VII and § 1981). "If the employer does so, then the burden shifts back to the employee to show that the employer's articulated reason is pretext for discrimination." Truitt, 52 F.4th at 86–87.

Assuming without deciding that Townsend established a prima facie case of discrimination, we conclude that First Student articulated legitimate, non-discriminatory reasons for each of the employment actions that Townsend alleges were discriminatory. First, as for Townsend's request for air brake training, the record evidence shows that only "trainers" could receive the training, and Townsend, who had a lawyer while pursuing her lawsuit before the District Court, admitted in her deposition that she was not a trainer. Supp. App'x 31–32 (Townsend deposition transcript) (A: "The only people that had air brake endorsements were the trainers, and all of the trainers moved on and got hired for Connecticut Transit." Q: "Were you a trainer?" A: "Never. Am I qualified to be one? I'm probably good enough to be one."). Second, as for the morning only-schedule, Townsend conceded in her statement filed under Federal Rule of Civil Procedure 56.1 that well before she requested a morning-

4

only schedule, First Student put in place a policy of not granting morning-only schedules to <u>any</u> employees (aside from two employees who were grandfathered into such schedules) because "the drivers had to both bring the children to school and bring them back home." Supp. App'x 169. Finally, Townsend was fired on October 25, 2017 for violating several of First Student's policies. The policy violations included failing to perform a pre-trip inspection and leaving a vehicle unattended with a key in the ignition.[1] <u>See</u> Supp. App'x 172.

We conclude that Townsend failed to show on this record that First Student's proffered explanations for the challenged employment actions were even false, let alone a pretext for racial discrimination. <u>See</u> <u>Cross v. N.Y.C. Transit Auth.</u>, 417 F.3d 241, 248 (2d Cir. 2005) ("[P]laintiff must prove that a defendant's proffered reasons were not the true reasons for its actions but a pretext for discrimination."). And Townsend otherwise fails to show that her race was a motivating factor for the actions. For these reasons, the District Court did not err in granting summary judgment in favor of First Student on

---

[1] For the first time on appeal, Townsend argues that her termination violated a collective bargaining agreement. We do not consider this argument, which was neither raised nor addressed in the District Court. <u>See</u> <u>In re Nortel Networks Corp. Secs. Litig.</u>, 539 F.3d 129, 132 (2d Cir. 2008).

Townsend's claims.

We have considered Townsend's remaining arguments and conclude that they are without merit.   For the foregoing reasons, the judgment of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court